UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No. 8:15-cr-00116-CEH-AEP-2

**ANGEL ROBERTO MERO DELGADO,**
    Defendant.
_____/

## SENTENCING MEMORANDUM OF THE DEFENDANT, ANGEL ROBERTO MERO DELGADO

COMES NOW Defendant, **ANGEL ROBERTO MERO DELGADO,** by and through undersigned counsel, and hereby submits the following memorandum of law, for consideration by the Court at sentencing for this matter:

## SENTENCING MEMORANDUM

Pursuant to 18 U.S.C. §3553 and *U.S. v. Booker,* 125 S.Ct. 738 (2005), the Defendant requests the Court to depart from the Guidelines and sentence him to the low-end of Level 27 which provides for 70 months incarceration.

### I. Minor Role Reduction

Pursuant to USSG §3B1.2(b), Defendant Delgado should qualify for a two-level reduction in his sentence as a minor participant because his participation was limited in scope and his involvement was less than other co-conspirators. USSG §3B1.2(b) provides that a Defendant who is a minor participant in a criminal activity is permitted to receive a two (2)-level reduction in his guidelines calculation. Application Note 3(A) <u>Applicability of Adjustment,</u> of the USSG handbook states: [a] Defendant who is accountable under 1B1.3 (relevant conduct) only for the conduct in which the Defendant personally was involved and who performs *a limited function* in concerted criminal activity *is not precluded* from consideration for an adjustment under this guideline. (emphasis added)

The sum total of Defendant's involvement demonstrates that he was a mariner on a small boat,

1

and merely assisted co-Defendant David Russel Valenzuela as a deck-hand. Defendant never organized, directed, guarded, loaded, unloaded, packaged, prepared, possessed or had any contact with drugs during any of the events as alleged. The Defendant did not plan the activity, did not handle any money or cocaine, did not operate the boat, did not distribute or sell the drugs, nor did he receive a substantial percentage of the profits from the transaction. The Defendant was slightly more than a passenger on the boat. As such, he should receive a two-level reduction for his minor role participation.

## II. Acceptance of Responsibility

Upon arrest, the Defendant immediately began cooperation with the government. The Defendant acknowledged his wrongdoing in the present case, and notified the Court in a timely manner of his intent to plea which saved the government the expense and resources of preparing for a trial on this matter. As such, Mr. Delgado requests the third level/point reduction as in U.S.S.G. §3E1.1(a) and (b) pursuant to government motion and the PSIR recommendations asserted in Paragraphs 27 and 28.

## III. Personal and Family Characteristics

The Defendant adopts the facts as asserted in the personal and family data in the PSIR. The Defendant is one of six children born to Angel Jose Pascual Mero and Amalia Delgado, in Manta, Ecuador. The Defendant's father worked as a fisherman, much like the Defendant, and as such his family was very poor during his childhood. Because of the family's financial struggles, the Defendant never received any type of formal education, and currently remains illiterate as a result.

The Defendant is has a close relationship with his family, and was helping to take care of his ailing mother prior to his arrest for this matter. In addition to taking care of his mother, the Defendant has four children ranging in ages from 22 years old to 16 years old. The Defendant's two youngest children resided with the Defendant and his wife prior to his arrest, and the Defendant was solely responsible for their support.

### IV. Low-End Sentence

The Defendant respectfully requests that based upon the totality of the circumstances in this case that he sentenced at the low end of the guidelines. It is not expected the Government would object to a sentence at the low end of the Advisory Guidelines.

## SENTENCING RECOMMENDATIONS

The Defendant wishes to serve his sentence of incarceration at USP Coleman or alternatively at FCI Jesup in Jesup, GA. The Defendant also wishes to participate in any educational programs while incarcerated, so that he may learn to read and write in Spanish, and potentially earn his GED during incarceration. In addition, the Defendant hopes to participate in the UNICOR program to obtain vocational training in business, mechanics, or culinary arts, allowing him to secure employment upon release.

## CONCLUSION

The Defendant respectfully requests this Honorable Court will find that he qualifies for a two-level reduction based on his minor participation in the overall conspiracy present in this case. The Defendant also requests this Honorable Court to sentence him at the low-end of the imprisonment range for Level 27, at 70 months incarceration. Lastly, the Defendant respectfully requests this Court to consider his personal characteristics and living conditions in determining an appropriate sentence for this matter, while honoring the sentencing recommendations set forth in this memorandum in anticipation of his sentencing hearing on September 23, 2015, at 10:00 a.m.

Respectfully submitted,

Law Offices of Charles M. Britt, III
546 12th Street West
Bradenton, Florida 34205
O: (941) 747-4440
F: (941) 744-2873
CharlesBrittatty@aol.com

By: *s/ Charles M. Britt, III*
Charles M. Britt, III, Esq.
Florida Bar No. 0017944

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of September, 2015, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of Court, which will send a notice electronically to the Office of the Assistant United States Attorney.

By: *s/ Charles M. Britt, III*
Charles M. Britt, III, Es
Florida Bar No. 0017944